UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP<br><br>Plaintiff,<br>vs.<br>KEVIN CHIRK, SAROEUN IN,<br>Defendants.<br>_____ / | CASE NO. 1:12-cv-1543 LJO-BAM<br><br>**ORDER REMANDING CASE** |

On September 19, 2012, Defendants filed a document entitled "Notice of Removal" (the "Removal Notice"). (Doc. 1.) The Removal Notice seeks to remove this action from the Fresno County Superior Court. For the reasons set forth below, the case is REMANDED to the Fresno County Superior Court.

**DISCUSSION**

**A. Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

1  Removal to federal court is proper where the federal court would have had original subject matter
2  jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of
3  citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392,
4  107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If, after a court's prompt review of a notice of removal, "it
5  clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be
6  permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis
7  added). These removal statutes are strictly construed against removal and place the burden on the
8  defendant to demonstrate that removal was proper. *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d
9  1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).  The removal
10 statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of*
11 *Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582
12 F.3d 1083, 1087 (9th Cir. 2009), *cert. denied*, 131 S.Ct. 65 (2010). The court presumes that a case lies
13 outside the limited jurisdiction of the federal courts,  and the burden of establishing the contrary rests
14 upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter  v. Philip*
15 *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

16 **B. This Court Lacks Subject Matter Jurisdiction**

17 **1. No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

18 Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that
19 "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,
20 or treaties of the United States."  Removal jurisdiction, however, cannot be based on a defense,
21 counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal
22 court. *See Vaden v.Discover Bank*, 556 U.S. 49, 59-60 (2009); *MetroFord Truck Sales, Inc. v. Ford*
23 *Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v.Ocwen Loan Servicing,No*. CV 11-1487 CAS
24 (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No.
25 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at*4 (E.D. Cal.  Dec. 20, 2010) (stay denied NO.
26 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL398862, at  *1-*2 (E.D. Cal. Feb 03, 2011).

27 The Removal Notice does not include a copy of the complaint that is the subject of this removal.
28 (Doc. 1, pp. 14-16.)  A copy of all pleadings, process and orders served on the removing defendant in

the state action should be filed with the removal notice.  28 U.S.C. § 1446(a).  The Court, therefore, cannot determine the claims against defendants or the whether removal jurisdiction exists. Further, the Removal Notice fails to identify any of the claims against defendants. The notice of removal does not identify any of the claims against defendants so as to inform the Court as to claims over which it may have jurisdiction.  There simply is no basis to determine whether this Court has jurisdiction.

### 2. No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).  "A defendant 'bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No. CV F 12–0403 LJO MJS, 2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir.1996)).  Defendants have the burden of establishing diversity jurisdiction and the Removal Notice is devoid of any such allegations.

### 3. Timeliness of Removal Notice

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.

Here, the defendants' Removal Notice fails to reference any alleged date of service of the summons and complaint. The Removal Notice states: "This removal is timely because the United States first received the complaint by service or otherwise on or after August ***, and this removal followed within thirty days afterward." The Removal Notice does not fill in the *** in the text, so as to notify the Court of the date of service, or explain why date of service on the "United States" is relevant.  In fact, the notice appears to be authored by someone else with someone's "comment" in the margins where the person commented "insert date he was filed with complaint."

**CONCLUSION AND ORDER**

Based on the above, this action is REMANDED *sua sponte* to the Fresno County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court is directed to serve a copy of this order on the Fresno County Superior Court, and to CLOSE this case.

IT IS SO ORDERED.

Dated:   September 21, 2012                              /s/ Barbara A. McAuliffe
                                                              UNITED STATES MAGISTRATE JUDGE